IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDMUND S GEORGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-983-S |
| | § | |
| ROBERT MYERS, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Edmund S George ("Plaintiff") filed a motion for entry of default judgment against Defendant Robert Myers ("Defendant"). *See* Dkt. No. 4.

United States District Judge Karen Gren Scholer has referred this motion to the undersigned United States Magistrate Judge. *See* Dkt. Nos. 5 & 10.

For the reasons set forth below the undersigned recommends that the Court deny Plaintiff's motion for Default Judgment.

### Background

Plaintiff filed this action on May 3, 2022. *See* Dkt. No. 1. A summons was issued to Defendant on that same day. *See* Dkt. No. 3.

On July 7, 2022, Plaintiff filed this motion for default judgment, although there had been no entry of default as to Defendant. *See* Dkt. No. 4. Defendant then appeared through counsel and filed an untimely answer to Plaintiff's complaint on July 27, 2022. *See* Dkt. No. 7.

## Legal Standard and Analysis

"[A] defendant who fails to timely file an answer or a [Federal Rule of Civil Procedure] 12(b) motion risks [entry of] default." *Strukmyer, LLC v. Infinite Fin. Sols., Inc.*, No. 3:13-cv-3798-L, 2013 WL 6388563, at *3 (N.D. Tex. Dec. 5, 2013). A party is entitled to entry of a default by the clerk of court if the opposing party "has failed to plead or otherwise defend" as required by law – or, more specifically as applicable here, "has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *See* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996).

"This first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." *Am. S. Ins. Co. v. Buckley*, No. 1:09-CV-723, 2010 WL 5654105, at *3 (E.D. Tex. Dec. 28, 2010), *rec. adopted*, 2011 WL 288604 (E.D. Tex. Jan. 27, 2011). As another judge in this district has explained,

> [i]n the Fifth Circuit, three steps are required to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment by the district court. *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *Id.* The clerk will enter default when default is established by an affidavit or otherwise. *Id.* After the clerk's entry of default, a plaintiff may apply to the district court for a judgment based on such default. *Id.*

*Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-cv-2092-M, 2013 WL 145502, at *2 (N.D. Tex. Jan. 14, 2013). If the court grants the application, that "is a default judgment." *Brown*, 84 F.3d at 141.

Plaintiff is not entitled to a default judgment here. Plaintiff did not request – and the Clerk of the Court has not made – an entry of default, which is a prerequisite to seeking a default judgment. And Defendant filed his answer after the time required by the Federal Rules but before any entry of default. "The Court has discretion to allow the late filing of an answer" and, here, need not be concerned with whether the late-filed answer can only be considered a "proposed" answer or should be construed as a motion to set aside a default. *Metro. Life Ins. Co. v. Dailey*, No. 3:12-cv-4174-G-BN, 2013 WL 5190751, at *3, *4 (N.D. Tex. Sept. 16, 2013) ("When a defendant files a pleading subsequent to an entry of default, a court may construe it as a motion to set aside the default."); *see also Rojo v. Burger One LLC*, No. 3:11-cv-2968-BN, 2014 WL 3513001, at *3 (N.D. Tex. July 16, 2014).

## Recommendation

The Court should deny the Motion for Default Judgment [Dkt. No. 4].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 13, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE